IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CAROLYN WALTERS** : | **CIVIL ACTION** |
| : | |
| **v.** : | |
| **CHILDRENS HOSPITAL OF** : | |
| **PHILADELPHIA** : | **NO. 08-cv-2159** |

## MEMORANDUM AND ORDER

The Antiterrorism and Effective Death Penalty Act of 1996 (commonly known as "AEDPA," and codified as 28 U.S.C. §§2241-2266) deals with the right of all persons in state custody to file a petition in a federal court seeking the issuance of a writ of habeas corpus; if such a writ of habeas corpus is issued by a federal court, the prisoner will be released from such state custody on the grounds that certain rights accruing to that prisoner pursuant to the United States Constitution[1] have been violated.

Pursuant to the language of AEDPA itself, a prisoner seeking habeas corpus relief must be "in custody" at the time the request for habeas corpus relief is filed.[2] The concept of being "in custody" means that a person is subject to ***both:***

I.  significant restraints on liberty which are not shared by the public generally; ***and***

---

[1] For the purpose of brevity, we will use the term "Constitutional" to refer not only to attacks on federal or state custody based on alleged violations of the U.S. Constitution, but also to attacks on such custody based on any asserted federal collateral grounds, such as: attacks based on alleged violations of federal statutes; or, attacks based on alleged violations of treaties involving the United States; or, attacks based on an alleged lack of jurisdiction by the sentencing court; or, in federal custody cases, attacks based on allegations that the sentence imposed exceeds the legal maximum.

[2] Spencer v. Kemna, 523 U.S. 1 (1998).

1

II.     some type of continuing governmental supervision.[3]

Petitioner filed a petition in this court on May 9, 2008, seeking Habeas Corpus relief. Petitioner does not appear to be in custody, she does not name any custodian as a defendant, and she does not seem to be challenging any state conviction or sentence; rather, she seems to be contesting the competence of her counsel in some sort of proceeding relating to worker's compensation. The type of relief sought by petitioner is simply not available pursuant to the law of habeas corpus.

Accordingly, this _15th_ Day of May, 2008, it is hereby **ORDERED** as follows:

1.  Petitioner is granted *provisional* leave to proceed in forma pauperis for the purpose of this Order only.

2.  08-cv-2159 is **DISMISSED WITH PREJUDICE**.

3.  The Clerk of this Court shall mark 08-cv-2159 as **CLOSED** for all purposes, including statistics.

_____
CYNTHIA M. RUFE, U.S. District Judge

---

[3] Obado v. New Jersey, 328 F.3d 716 (3rd Cir. 2003). Accord, Kumarasamy v. Attorney General of the United States, 453 F.3d 169 (3rd Cir. 2006); Jordon v. Attorney General of the United States, 424 F.3d 320 (3rd Cir. 2005); Barry v. Bergen County Probation Dept., 128 F.3d 152 (3rd Cir. 1997).